IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTINE L. UPSHAW,            )
                               )
        Plaintiff,             )
                               )
    v.                         )        3:96-CV-1472-MHT
                               )        [wo]
JO ANNE B. BARNHART            )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
        Defendant.             )


## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the reference *Order* entered March 17, 2006, the Magistrate Judge has analyzed the fully submitted *Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. §406(b)* (Doc. 37, March 15, 2006) and recommends, as herein explained, that the District Judge enter forthwith an ORDER granting the unopposed *Motion*.

### I.  BACKGROUND

Plaintiff Christine L. Upshaw ("Upshaw") retained John F. Cameron, Esq. ("Petitioner") for legal representation on her two social security appeals in this court: *Civil Action No. 96-cv-01472* and *Civil Action No. 02-cv-975*.  They contracted for an attorney's fee equal to "25% of past-due SSD benefits."[1]

### A.  CIVIL ACTION NO. 96-cv-01472

On September 24, 1996, in *No. 96-cv-01472*, Upshaw appealed an adverse administrative

---

[1]Memorandum in Support of Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b) ("*Mem.*") at 11 (Doc. 38, filed March 15, 2006); *see also Ex. A.*

ruling on her 1992 claim for disability.   On September 7, 2004, this court, adopting the recommendation of the magistrate judge, issued a final judgment in favor of Upshaw and against the Commissioner pursuant to the Commissioner's filing, under *sentence six* of 42 U.S.C. §405(g), of modified findings of fact based on the partially favorable decision of November 17, 2003. This partially favorable decision resulted in notice from the Social Security Administration ("SSA") on April 13, 2004, finding Upshaw entitled to monthly disability benefits and advising, as follows, about her attorney's fee agreement:

> We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee.   We withheld $20,515.25 from your past due benefits in case we need to pay your lawyer.[2]

Pursuant to the Petitioner's November 3, 2004 *Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)*, this court ordered the Commissioner to pay the amount of $3,331.28 in EAJA fees pursuant to 42 U.S.C. § 2412.[3]

### B.  CIVIL ACTION NO. 02-cv-975-S.

On August 21, 2002,  Upshaw filed *Civil Action No.02-cv-975-S* for judicial review of an adverse ruling on February 27, 2001, by the  Administrative Law Judge ("ALJ") who examined and adjudicated concurrently her second disability claim, filed September 23, 1996, as well as the initial 1992 claim yet pending before him.   Pursuant to the parties' *Joint Stipulation*, the court granted the Defendant's remand motions, pursuant to *sentence four* of 42 U.S.C. §405(g).   The Order filed May

---

[2]*Ex. D* at 3.   A second notice from the Regional Chief Administrative Law Judge on November 15, 2005 authorized $7000.00 for attorney's fees for services rendered at the administrative level. *Ex. F.*

[3]Doc. 36.

29, 2003, reversed the ALJ's adverse decision and remanded the case for further administrative proceedings pursuant to *sentence four* of 42 U.S.C. §405(g).  Pursuant to the Petitioner's August 4, 2003, *Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)*, this court ordered the Commissioner to pay the amount  of  $3,112.65  in EAJA fees pursuant to 42 U.S.C. § 2412.[4] Representing the Commissioner's payment of EAJA fees in both appeals,  Petitioner acknowledges his advisement to Upshaw that "she will be reimbursed for the EAJA awards for attorney's fees if the approved §406(b) fee is higher than the sum of the two EAJA awards."[5]  The fees now requested total $13,500.00 for 47.75 hours rendered on behalf of Upshaw in the two civil actions initiated in this court between June 27, 2002 and November 1, 2004.[6]  The Commissioner does not oppose the requested fees.[7]

## II.  DISCUSSION

Added to the $7,000.00 awarded pursuant to 42 U.S.C. §406(a) for legal services rendered

---

[4]Doc. 30.

[5]*Mem.* at 18.

[6]*Mem.* 1-4, 14; the requested fees are itemized on *Ex. B*.

[7]"Because Plaintiff's counsel has already received attorney fees payable under the EAJA, Defendant respectfully requests that if the Court awards attorney fees under section 406(b), it order counsel to refund the smaller fee to Plaintiff.  The Commissioner believes that Plaintiff's counsel's request for attorney fees in the amount of $13,500.00  is reasonable and suggests that an award of fees in that amount would be appropriate." Defendant's Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. §406(b) ("*Def.'s Resp.*") at 2 (Doc. 41, filed March 30, 2006).  The Commissioner also "notes that SSA has no longer retained these fees...[and][a]fter receiving no request for fees and no further requests for extensions of time, the withheld fees were released to Plaintiff on January 27, 2006."  The Commissioner "advises that, if Plaintiff's counsel is unable to collect any Court-authorized fee from Plaintiff, he can then request in writing that the Defendant charge an overpayment to Plaintiff in an amount up to 25 percent of Plaintiff's past-due benefits." *Def.'s Resp.* at 2.

administratively, the $13,500.00 award requested under 42 U.S.C. §406(b) would give Petitioner a total fee which is less than the amount withheld as 25% of Upshaw's award for past due benefits. Section 406(b) authorizes a reasonable fee "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled ....and such fees are payable "out of, and not in addition to, the amount of [the] past due benefits."[8]

Contingent fee agreements are common in federal actions under the Social Security Act, and Section 406(b) limits, but does not displace, such agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Instead, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." So long as the contingent fee does not exceed 25% of the past-due benefits, "the attorney for the successful claimant must [simply] show that the fee sought is reasonable for the services rendered." *Id.* at 807. Fees awarded pursuant to Section 406(a) and Section 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified."*Id.* at 796. In order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under §406(b) and the EAJA must refund the lesser amount to his client. *Coppett v. Barnhart,* 242 F.Supp. 2d 1380, (S.D.Ga. 2002) *(citation omitted)*.

The court finds reasonable the total requested hours (47.75) for the services rendered as well as the $13,500.00 fee which reflects an hourly rate of $282.72 for legal services in connection with preparing the two complaints, client communications, review of pleadings prior and subsequent to the Commissioner's motion to remand in Civil Action No. 02-cv-975, and preparation of pleadings

---

[8]42 U.S.C. §406(b). Section 404(a) of Title 42 provides for "fees for representation before Commissioner" while Section 404(b) addresses "fees for representation before court".

in response, preparation of pleadings and briefs in Civil Action No. 96-cv-01472, including the two applications for EAJA fees. As already noted, the total of this fee for federal court representation and the fee for administrative representation does not exceed allowable fees pursuant to Petitioner's contingency fee contract with Upshaw.

There is no evidence that Petitioner, who advocates for social security claimants regularly in this court, delayed the proceedings in this case or otherwise acted in bad faith or in a dilatory manner. His representation of Upshaw spanned almost eight years for administrative and judicial proceedings, and his timely and competent representation resulted in a partially favorable decision which awarded substantial monthly and retroactive benefits.

The contingency fee contract served to benefit Upshaw by transferring the risk of loss to her counsel while providing her an opportunity to challenge the administrative denial of her claims. Petitioner acknowledges his duty to prevent any double recovery of fees from the government and from his client. In sum, the court finds the requested fees entirely reasonable under the facts of this case and also consistent with the claimant's expectation under her fee agreement that in the event of her success at the judicial level, Petitioner would receive a total fee for administrative and judicial services which would not exceed 25% of any award for past-due benefits.

### III.   CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the *Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. §406(b)* on March 15, 2006 (Doc. 37) be GRANTED by entry of an ORDER, JUDGMENT, and DECREE which:

1.      awards to the Petitioner, John F. Cameron, Esq., attorney's fees pursuant to 42 U.S.C. §406(b) in his total, uncontested request of $13,500.00; and

2. orders the  Petitioner, John F. Cameron, Esq. to refund forthwith  to the Plaintiff, Christine L. Upshaw,  the  amount of $6,443.93 previously paid to Petitioner as an award of fees under the Equal Access to Justice Act.

**Because Petitioner and the Commissioner concur absolutely on the recommended final disposition of this Petition,  the Magistrate Judge files this RECOMMENDATION without the 13-day order usually entered to facilitate the filing of  objections; thus, the Magistrate Judge recommends that the District Judge proceed forthwith to review and act on this Recommendation** consistent with the shared interests of the parties and the court for finality.

Done this 12th  day of April, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE